IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: MONITRONICS INTERNATIONAL, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | MDL No. 1:13-md-2493 |

THIS DOCUMENT RELATES TO ALL CASES

### ORDER/OPINION

This matter is before the Court pursuant to Plaintiffs' "Motion to Compel Production of ISI Documents on CompliancePoint Privilege Logs," filed on January 16, 2015. (Docket No. 294.) Defendants had until February 2, 2015, to file a response, but did not do so. Accordingly, on February 4, 2015, the undersigned entered an Order directing that Defendants respond within ten (10) days, "showing case if any as to why they have failed to file a response, and showing cause if any as to why Plaintiffs' motion to compel should not be granted for Defendants' failure to file such response." (Docket No. 305.) Defendant Monitronics International, Inc. ("Monitronics") filed a response on February 13, 2015 (Docket No. 318); Defendant ISI Alarms, Inc. ("ISI") filed a response on February 14, 2015 (Docket No. 319); and Defendant Honeywell International, Inc. ("Honeywell") filed a response on February 16, 2015 (Docket No. 320). This matter was referred to the undersigned by United States District Judge Irene M. Keeley on January 26, 2015. (Docket No. 297.) On February 20, 2015, the parties appeared before the Court via telephone for a hearing on Plaintiffs' motion to compel. The subpoena duces tecum respondent, CompliancePoint, Inc., did not appear.

### I.   Procedural History

Plaintiffs have brought this action "to enforce the [Telephone Consumer Protection Act] in the face of rampant illegal telemarketing in the home-security industry." (Docket No. 255 at 4.) Specifically, Plaintiffs seek "to enforce the TCPA's strict limits on telemarketing calls placed through

automated telephone dialing systems ("ATDS") and artificial or prerecorded voice messages, and calls placed to numbers listed on the Do Not Call Registry." (Id. at 6.)

"In April 2014, Plaintiffs issued a subpoena to third-party CompliancePoint, Inc., seeking documents and information related to CompliancePoint's work as a TCPA-compliance consultant to ISI." (Docket No. 294 at 1; Docket No. 294-1 at 1; Docket No. 294-2.) On May 28, 2014, "CompliancePoint answered the subpoena by asserting that all responsive documents were privileged and producing privilege logs." (Docket No. 294-1 at 1.) On August 16, 2014, CompliancePoint produced an amended response and amended privilege logs; the logs "were amended so that the 'Basis for Privilege Claim' is 'Attorney Client' regardless of whether ISI is asserting attorney-client privilege or work-product protection." (Id. at 1-2; Docket Nos. 294-4 and 294-5.) On July 29, 2014, Beth Terrell, co-lead counsel for Plaintiffs, "sent a letter to counsel for Defendant Monitronics International, Inc. and to Mr. Robert Newkirk, counsel for ISI." (Docket No. 294-1 at 2; Docket No. 294-6.) She received no response from either Mr. Newkirk or ISI. (Docket No. 294-1 at 2.)

Ms. Terrell sent a second letter to Mr. Newkirk on December 10, 2014. (Docket No. 294-1 at 2; Docket No. 294-7.) She received no response from either Mr. Newkirk or ISI. (Docket No. 294-1 at 2.) Subsequently, she sent copies of both letters to Michele Schuster, counsel for CompliancePoint; however, she received no response from CompliancePoint. (Id.) During a meet and confer on November 14, 2014, counsel for both Monitronics and CompliancePoint advised Ms. Terrell that ISI holds the privileges asserted over the documents listed in the amended privilege logs. (Id.) By letter dated November 19, 2014, counsel for Monitronics confirmed that statement. (Id. at 3; Docket No. 294-8.) Plaintiffs have filed the instant motion because "ISI has refused to meet and confer concerning the withheld documents." (Docket No. 294 at 1.)

## II. **Plaintiffs' Contentions**

A.  **Plaintiffs' Motion**

Plaintiffs contend that their motion to compel should be granted because:

1. ISI's justification of privilege is not "substantially justified;"

2. By asserting the TCPA's "safe harbor" defense, ISI has waived any attorney-client privilege over the responsive documents; and

3. The documents withheld do not fall within the scope of the attorney-client privilege.

(Docket No. 294 at 3-8.)

B.  **Monitronics' Response**

Monitronics contends that Plaintiffs' motion should be denied because:

1. Plaintiffs' subpoena sought production of documents in the Northern District of Georgia and Plaintiffs incorrectly claim ISI documents were shared with Monitronics;

2. Plaintiffs' subpoena also seeks documents from CompliancePoint that Monitronics maintains are protected;

3. Monitronics did not oppose Plaintiffs' motion as it did not have standing to do so and lacks information regarding the documents at issue; and

4. The Court should not find a waiver of privilege on this record.

(Docket No. 318 at 2-8.)

C.  **ISI's Response**

"Procedurally, ISI concurs with the position advanced by Monitronics in the documents filed by that party in response to the Order to Show Cause." (Docket No. 319 at 1.) Counsel for ISI further argues that a motion to withdraw as counsel has been pending since December 30, 2013, "leaving the undersigned as having responsibility to the Court and other parties, but representing a client that has been closed to new business since March 30, 2013, is not in a position to defend the privilege and has

not authorized asserting the defense." (Id.) ISI cannot defend the privilege, but "also cannot waive the privilege because of the possible negative affect [sic] on privilege rights that may rest with other defendants." (Id.)

### D.  Honeywell's Response

Honeywell takes no position as to Plaintiffs' motion because the "subpoena at issue neither sought documents from Honeywell, nor documents over which Honeywell could claim a privilege." (Docket No. 320.)

### E.  Plaintiffs' Reply

In their reply, Plaintiffs argue:

1. Monitronics' procedural argument is misplaced;

2. ISI waived any privilege it may have held over the withheld documents; and

3. Any applicable privilege is also waived under *Dish*.

(Docket No. 330 at 3-8.)

### III.  Discussion

Federal Rule of Civil Procedure 45(d)(2)(B)(i) provides:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises–or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
>> At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

The subpoena duces tecum issued to CompliancePoint was served upon a David J. Reed in Roswell, Georgia. (Docket No. 294-2 at 2.) The subpoena called for the requested documents to be produced

in Roswell, Georgia. (Id.) Roswell is located in Fulton County, which is located within the Northern District of Georgia.[1]

The Court notes that a subpoena duces tecum can cause an onerous burden of production on either a party or a non-party. Accordingly, the purpose of Rule 45 is to provide the entity being subpoenaed a right to be heard in a convenient forum; i.e., the district where compliance is required. Here, the Court lacks jurisdiction over CompliancePoint, as CompliancePoint is not a party in this MDL action. Accordingly, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), Plaintiffs' motion to compel is more properly filed in the Northern District of Georgia.

### IV. Conclusion and Order

For the foregoing reasons, Plaintiffs' "Motion to Compel Production of ISI Documents on CompliancePoint Privilege Logs" (Docket No. 294) is **DENIED WITHOUT PREJUDICE** to Plaintiffs' right to refile in the Northern District of Georgia.

It is so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order/Opinion to counsel of record and to mail copies to any *pro se* Plaintiffs by certified mail, return receipt requested.

DATED: February 20, 2015

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] http://www.gand.uscourts.gov/general/maps.php.